THE VANDEVELD LAW OFFICES, P.C.
*Curtis C. Van de veld, Esq.*
Suite 215, 194 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2863
Facsimile: (671) 472-2886

Attorney for Defendants/Counterclaim-plaintiffs:
   SUN Y. WAKUGAWA and
   KOWON SHIPPING CORP.

FILED
DISTRICT COURT OF GUAM
OCT 24 2003
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| PEOPLE HOLDINGS CO. LTD., ) | Civil Case No. 03-00034 |
| ) | |
| Plaintiff/Counterclaim-defendant, ) | |
| ) | **ANSWER OF DEFENDANTS SUN Y.** |
| vs. ) | **WAKUGAWA and KOWON** |
| ) | **SHIPPING CORP., TO COMPLAINT** |
| SUN Y. WAKUGAWA, KOWON SHIIPING ) | **and COUNTERCLAIM** |
| CORP., and SINO TRADING GUAM, INC., ) | |
| ) | |
| Defendants/Counterclaim-plaintiffs. ) | |
| ) | |

**ANSWER OF DEFENDANTS SUN Y. WAKUGAWA and KOWON SHIPPING CORP.**

PLEASE BE ADVISED that Defendants SUN Y. WAKUGAWA and KOWON SHIPPING CORP., through counsel, THE VANDEVELD LAW OFFICES, P.C., by Curtis C. Van de veld, Esq., (hereinafter referred to as "Defendants"), answer the Complaint of plaintiff as follows:

1.    Defendants deny all allegations made in the Complaint which are not otherwise specifically admitted within this answer.

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim     Page 1

ORIGINAL

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 1 of 12

2. In answer to paragraph 1 of the Complaint, Defendant admits that this court is vested with the subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1332, by virtue of diversity of citizenship of the parties and that the amount in controversy alleged in the Complaint exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, under a claim for breach of contract, but otherwise denies the remaining allegations and inferences alleged therein.

3. In answer to paragraph 2, Defendants admit that this District is the proper site for venue of this matter as Defendant SUN Y. WAKUGAWA resides in the District and Defendant KOWON SHIPPING CORP., is formed and organized under the laws of Guam, but otherwise denies the remaining allegations alleged therein.

4. Defendants admit the allegations of paragraphs 3 and 4, except the allegation that SUN (CHOI) YOUNG WAKUGAWA is the President of SINO TRADING GUAM, INC., which allegation is denied, however, Defendant SUN YOUNG WAKUGAWA was at one time the President of SINO TRADING GUAM, INC., but resigned that position in late July or early August 2003.

5. Defendants admit the allegations of paragraphs 5, 6, and 7, though by admitting paragraph 7, Defendants do not admit that such activity is the exclusive business of Plaintiff.

6. Defendants admit the allegations of paragraph 8.

7. Defendants admit that on February 28, 2003, they entered into a contract for the purchase of scrap metal from the United States Navy Department of Defense Reutilization & Marketing Office (hereinafter referred to as "DRMO"), for scrap metal located in the U.S. Naval Base on Guam, however, Defendants deny the remaining allegations and inferences of paragraph 9.

///

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim

Page 2

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 2 of 12

8. Defendant Wakugawa admits that on February 28, 2003, she received from Mr. Rim of Plaintiff the sum of forty thousand dollars ($40,000.00), but defendants deny the remaining allegations and inferences of paragraph 10.

9. In answer to the allegations of paragraph 11, Defendants admit that on March 5, 10, and 12, 2003, Plaintiff paid to DRMO in Korea, the sum of ninety-two thousand five hundred dollars ($92,500.00) which was paid to satisfy the obligations of Defendants to DRMO.

10. Defendants admit the allegations of paragraph 12.

11. Defendants admit that Defendant SINO TRADING GUAM, INC., received the sum of seventeen thousand five hundred dollars ($17,500.00) from Plaintiff, but denies the remaining allegations and inferences of paragraph 13.

12. Defendants admit that on or about April 18, 2003, Plaintiff sent fifty-six thousand dollars to Defendant SINO TRADING GUAM, INC., via a wire transfer, but deny the remaining allegations and inferences of paragraph 14.

13. Defendants admit that as of April 22, 2003, their was in place a contract between Defendant SINO TRADING GUAM, INC., and Plaintiff through which contact Plaintiff was to receive scrap metal from Defendant SINO TRADING GUAM, INC., which Defendant SINO TRADING GUAM, INC., was acquiring from Defendants, and which scrap metal Defendants had acquired from DRMO, but otherwise deny all other allegations and inferences of paragraph 15.

///

14. Defendants admit that on April 22, 2003, an original letter in the form and content of Exhibit 3, which is a true and correct copy of its original, was transmitted to Plaintiff to inform Plaintiff of the breach of the parties agreement by Plaintiff and by this reference Defendants

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                         Page 3

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 3 of 12

incorporate the entirety of Exhibit 3, as though fully set forth here, but otherwise deny the remaining allegations and inferences of paragraph 16.

15. Defendants admit that on April 26, 2003, an original letter in the form and content of Exhibit 4, which is a true and correct copy of its original, was transmitted to Plaintiff to inform Plaintiff of the breach of the parties agreement by Plaintiff and by this reference Defendants incorporate the entirety of Exhibit 4, as though fully set forth here, but otherwise deny the remaining allegations and inferences of paragraph 17.

16. Defendants admit that in an effort to mitigate their damages and cover for losses from Plaintiff's breach of contract which resulted in Defendant SINO TRADING GUAM, INC., breaching its agreement with Defendants, that Defendants attempted to sell the metal scrap to another buyer, Rising Year, International Guam Corp., however, Plaintiff threatened suit against such replacement buyer and the buyer refused to consummate the transaction. Further, despite other efforts to find a substitute buyer, Plaintiff has threatened the available shipping carriers with suit if those carriers transport the scrap metal cargo, rendering it impracticable or impossible for Defendants to mitigate the damages arising from Plaintiff's beach of contract with Defendant SINO TRADING GUAM, INC., however, Defendants deny all other allegations and inferences of paragraph 18.

17. Defendants deny the allegations of paragraph 19.

18. Defendants lack sufficient information to form an opinion as to the truth or falsity of paragraph 20, and on such basis deny the same, however, Defendants further assert that such arrangements were not made timely and appropriately as required under the parties agreement and that Plaintiff further breached the agreement by failure to make the payments to Defendant SINO

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                Page 4

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 4 of 12

TRADING GUAM, INC., and thereby due to Plaintiff's breach, Plaintiff is barred from recovery from any and all Defendants because of the prior breach.

19. Defendants deny all the allegations and inferences arising from paragraphs 21, 22, 23, and 24.

## AFFIRMATIVE DEFENSES

20. *Failure To State A Claim For Which Relief May Be Granted.* Plaintiff's complaint fails to state a claim for breach of contract upon which relief may be granted as to certain defendants there being no contractual arrangement existing, and therefore the claims of Plaintiff should be dismissed and plaintiff denied all relief at law and equity requested.

21. *Failure Of Consideration.* Plaintiff has failed to provide the consideration necessary to form an obligation between Plaintiff and the several of all the Defendants either in law or equity.

22. *Failure To Mitigate Damages.* Plaintiff has failed to take such reasonable and ordinary actions such as to prevent Plaintiff from incurring loss and as to those losses which Plaintiff could have avoided by the use of reasonable and ordinary action to prevent the loss, Plaintiff is barred from recovery.

23. *Plaintiff Lacks Good Faith.* Plaintiff has acted in bad faith in the performance of the legal obligations of the parties, if any exist, by failure to perform its obligations to the several of all the Defendants, or any of them singularly, and as such is not entitled to any recovery at law or equity from any or all of the Defendants.

24. *Setoff.* Any claim found in favor of Plaintiff must be diminished by setoff of the expenses and claims of the various Defendants, all of them, reasonably incurred in the performance of the legal obligations of the respective party.

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                          Page 5

Case 1:03-cv-00034   Document 8   Filed 10/24/2003   Page 5 of 12

25. *Unclean Hands*. Plaintiff has failed to perform certain acts as to fulfill the legal obligations of any contract Plaintiff has as to each of the Defendants and all of them, if such legal obligations are found to exist, and such failure to act is inexcusable and based on Plaintiff's failure to act equitably and at law, Plaintiff is barred from being granted equitable relief.

26. *Prior Breach By Plaintiff*. The nonperformance of any contractual obligation by any of the Defendants was preceded by the failure of Plaintiff to perform a material obligation to any or all of the Defendants and based on the failure of Plaintiff to perform its obligations, performance by Defendants, any or all of them, was discharged by the prior breach of Plaintiff.

27. *Hinderance*. Plaintiff by failing to timely perform the obligations due to Defendants, any or all of them, if such obligations are found to exist, prevented and hindered Defendants, any or all of them, from being able to perform the obligations due to plaintiff and based on such hindrance, Plaintiff is barred from being to recover any damages from the hindered Defendants.

WHEREFORE, Defendants pray this honorable court will grant it the following relief;

28. Plaintiff not be granted any relief at law or equity from Defendants;

29. Defendants recover their costs of suit; and,

30. Any and all other relief at law or equity not specifically requested herein, that the court determines upon hearing this matter determines that it is just and proper to award to Defendants.

///

///

///

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                    Page 6

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 6 of 12

Respectfully submitted: this Friday, October 24, 2003.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Defendants
SUN Y. WAKUGAWA and
KOWON SHIPPING CORP.

### COUNTERCLAIM by SUN Y. WAKUGAWA and KOWON SHIPPING CORP.

Defendants and Counterclaim-plaintiffs SUN Y. WAKUGAWA and KOWON SHIPPING CORP., through their counsel, THE VANDEVELD LAW OFFICES, P.C., Curtis C. Van de veld, Esq., here now allege their counterclaim against Plaintiff/Counterclaim-defendant PEOPLE HOLDINGS CO., LTD., as follows:

PARTIES

    A.    Counterclaim-plaintiff SUN Y. WAKUGAWA was at all times relevant to the matters addressed herein, and is now, a citizen of the United States, a resident of the Territory of Guam, over the age of majority and legally competent to contract.

    B.    Counterclaim-plaintiff KOWON SHIIPING CORP., was at all times relevant to the mattes addressed herein, and is now, a corporation formed, organized and existing under the laws of the Territory of Guam and doing business therein at its principal place of business in the Territory of Guam.

    C.    Upon information and belief, Counterclaim-plaintiffs allege that Counterclaim-defendant PEOPLE HOLDINGS CO., LTD., was at all times relevant to the matters addressed herein, and is now, a corporation formed and organized under the laws of the Republic of Korea with its principal place of business located therein.

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim      Page 7

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 7 of 12

## JURISDICTION

D. The District Court Of Guam has original jurisdiction over the subject matter of this counterclaim by the authority arising under 28 U.S.C. §1332(a)(2) diversity of citizenship, in that the claim alleged in the Complaint exceeds in value the sum of $75,000.00, exclusive of interests and costs, and Plaintiff is a citizen of a foreign state and defendants are citizens of Guam, U.S.A., and this counterclaim is brought pursuant to the Federal Rules of Civil Procedure, Rule 13(a), and is further authorized under 28 U.S.C. §1367(a), in that the counterclaim is related to the claim in the action for which the court has original jurisdiction. This court has further original jurisdiction over this matter under 28 U.S.C. §1332(a)(2), in that the counterclaim alleges a claim by Counterclaim-plaintiffs who are citizens of the jurisdiction of Guam, with the principal place of the business of Counterclaim-plaintiff KOWON SHIPPING CORP., being in Guam, against a Counterclaim-defendant PEOPLE HOLDING'S CO., LTD., from a foreign jurisdiction, the Republic of Korea and the amount in controversy exceeds in value the sum of $75,000.00 exclusive of interest and costs.

## VENUE

E. The United States District Court of Guam is the proper venue for hearing this matter as the defendants are resident herein, the property in dispute rests in this jurisdiction, the contract forming the basis of the relationship sued upon was entered into in Guam and the legal obligations between the parties subject to the counterclaim were formed in Guam.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT WITH INTENT TO BENEFIT THIRD PARTY BENEFICIARY

F. Counterclaim-plaintiffs incorporate here by this reference, as though fully set forth, all the allegations admitted in the answer set forth above.

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                    Page 8

Case 1:03-cv-00034   Document 8   Filed 10/24/2003   Page 8 of 12

G. Counterclaim-defendant PEOPLE HOLDINGS CO., LTD., entered into a contract with SINO TRADING GUAM, INC., a true and correct copy of which is appended to the Complaint filed herein by Counterclaim-defendant as Exhibit 2, and which document is incorporated herein by this reference as though set forth in full.

H. Prior to the contract which is referenced in paragraph G, Counterclaim-plaintiffs acquired rights to certain scrap metal from DRMO, via a contract to purchase, a true and correct copy of which is appended to the Complaint filed by Counterclaim-defendant as Exhibit 1.

I. Following the acquisition of the contract referenced in paragraph H, an agreement was entered into between Counterclaim-plaintiffs and Defendant SINO TRADING GUAM, INC., that Counterclaim-plaintiffs would sell the DRMO scrap metal to Defendant SINO TRADING GUAM, INC., upon payment of certain sums made in installment payments.

J. The subject of the contract, Exhibit 2, was the purchase of DRMO scrap metal from Defendant SINO TRADING GUAM, INC., by Counterclaim-defendant.

K. The scrap metal referenced in paragraph J, was to be acquired by Defendant SINO TRADING GUAM, INC., from Counterclaim-plaintiffs at the time of sale to Counterclaim-defendant.

L. Counterclaim-defendant was aware that the source of the acquisition of the scrap metal referenced in paragraphs J, and K, was to originate from Counterclaim-plaintiffs and that the purchase price to be paid to Defendant SINO TRADING GUAM, INC., was to be used to pay to Counterclaim-plaintiffs as a partial final payment of the purchase price by Defendant SINO TRADING GUAM, INC., after receipt of payment from Counterclaim-defendant.

M. In furtherance of the acquisition of the scrap metal by Counterclaim-defendant from Defendant SINO TRADING GUAM, INC., Counterclaim-defendant made a payment

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                    Page 9

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 9 of 12

directly to DRMO in the sum of ninety-two thousand five hundred dollars ($92,500.00) as alleged in the Complaint at paragraph 11.

N. Counterclaim-defendant was at all times aware that Counterclaim-plaintiffs were Third Party Beneficiaries of the contractual relationship between Counterclaim-defendant and Defendant SINO TRADING GUAM, INC.

O. Counterclaim-defendant breached the agreement referenced in paragraph G, Exhibit 2, by failing to pay to Defendant SINO TRADING GUAM, INC., the amounts due to Defendant SINO TRADING GUAM, INC., at the time the payments were due.

P. Because of the failure to pay referenced in paragraph O, Counterclaim-defendant prevented Defendant SINO TRADING GUAM, INC., from paying to Counterclaim-plaintiffs the amounts due to Counterclaim-plaintiffs from Defendant SINO TRADING GUAM, INC., for acquisition of the scrap metal by Defendant SINO TRADING GUAM, INC., from Counterclaim-plaintiffs.

Q. The failure to pay by Counterclaim-defendant referenced in paragraphs O and P, breached the agreement which is Exhibit 2, and directly and proximately caused Third Party Beneficiaries – Counterclaim-plaintiffs to suffer lost income and to incur out-of-pocket expenses all to the damage and detriment of Counterclaim-plaintiffs, which amount continues to increase with each passing day, and which amount shall be proven at time of trial.

R. Some of the out-of-pocket expenses referenced in paragraph Q, that were incurred by Third Party Beneficiaries – Counterclaim-plaintiffs arising from Counterclaim-defendant's breach of the contract with Defendant SINO TRADING GUAM, INC., are set forth in Exhibit 3 to the Complaint.

S. Counterclaim-defendant's actions in breaching the contract with Defendant SINO TRADING GUAM, INC., and thereby inflicting damage upon Third Party Beneficiaries –

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                    Page 10

Case 1:03-cv-00034    Document 8    Filed 10/24/2003    Page 10 of 12

Counterclaim-plaintiffs was done maliciously and/or oppressively, and therefore the court may award to Counterclaim-plaintiffs exemplary damages from Counterclaim-defendant.

SECOND CAUSE OF ACTION

TORIOUS INTERFERENCE WITH BUSINESS RELATIONS

T. Counterclaim-plaintiffs here incorporate by this reference, all the allegations set forth in paragraphs A through S, above, as though fully set forth here.

U. Counterclaim-plaintiffs have sought to reduce their damages by mitigation through seeking to sell the scrap metal underlying this dispute to other parties.

V. Counterclaim-defendant became aware of Counterclaim-plaintiffs' efforts and has threatened each of the prospective purchasers and shippers of the scrap metal with suit including injunctive relief and damages if they engage in business with Counterclaim-plaintiffs.

W. Such interference by Counterclaim-defendant has caused pecuniary loss to Counterclaim-plaintiffs, which amount continues to grow but has already exceeded one hundred thousand dollars, and for which loss Counterclaim-plaintiffs will seek to be compensated in an amount to be proven at time of trial

X. The conduct of Counterclaim-defendant alleged in paragraphs T through W, in inducing or otherwise causing third parties from engaging in prospective business with Counterclaim-plaintiffs or in preventing Counterclaim-plaintiffs from acquiring prospective business relations is without legal justification or excuse and has directly and proximately caused damage to Counterclaim-plaintiffs in an amount to be proven at time of trial.

WHEREFORE, Counterclaim-plaintiffs pray this honorable court will grant judgment to Counterclaim-plaintiffs as follows:

a. For damages arising from the breach of the contract for lost income and out-of-pocket expenses according to proof at the time or trial;

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                               Page 11

Case 1:03-cv-00034   Document 8   Filed 10/24/2003   Page 11 of 12

b. For exemplary damages according to proof at time of trial;

c. For general damages for Counterclaim-defendant's actions in tortiously interfering with Counterclaim-plaintiffs' right of contract with others;

d. For general damages and pecuniary damages for tortuous interference by Counterclaim-defendant with Counterclaim-plaintiffs' prospective business relations according to proof at trial;

e. For costs of suit;

f. An equitable award of Counter-plaintiffs' attorney's fees in bringing this action;

g. Such other and further relief not specifically requested herein that the court in hearing this matter determines that it is just and proper that such relief be awarded to Counterclaim-plaintiffs in law or equity.

Respectfully submitted: this Friday, October 24, 2003.

THE VANDEVELD LAW OFFICES, P.C.

*[signature]*

Curtis C. Van de veld, Esq.
Attorney for Defendants
SUN Y. WAKUGAWA and
KOWON SHIPPING CORP.

I, SUN Y. WAKUGAWA, hereby declare under penalty of perjury of the laws of Guam that I have personal knowledge of the matters set forth in this document as stated above and that the foregoing is true and correct to the best of my knowledge and belief, pursuant to 6 G.C.A. §4308, this Friday, October 24, 2003.

*[signature]*

SUN Y. WAKUGAWA

CCV/ccv
VPP/S.Y. WAKUGAWA/CV001518

PEOPLE HOLDINGS CO. LTD., vs. WAKUGAWA, KOWON SHIPPING CORP., and SINO TRADING GUAM, INC.
Civil Case No. 03-00034
ANSWER TO COMPLAINT and Counterclaim                                          Page 12

Case 1:03-cv-00034   Document 8   Filed 10/24/2003   Page 12 of 12