**MUN SU PARK, ESQ.**
**LAW OFFICE OF PARK**
East-West Business Center, Suite 113
744 N. Marine Drive
Tumon, Guam 96913
Tel:     (671) 647-1200
Fax:     (671) 647-1211
Counsel for Plaintiff PEOPLE HOLDINGS  CO., LTD

**FILED**
DISTRICT COURT OF GUAM

**DEC 16 2003**

MARY L. M. MORAN
CLERK OF COURT

(13)

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| PEOPLE HOLDINGS CO., LTD., | Civil Case No. CV 03-00034 |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |
| vs. | |
| SUN Y. WAKUGAWA and KOWON SHIPPING CORP., | |
| Defendants. | |

The object or purpose of an injunction is to preserve and keep things in the same condition, and to restrain acts, actual or threatened, which would be contrary to equity and good conscience. Plaintiff's ex parte request for a temporary restraining order and order to show cause for preliminary injunction is to prevent irreparable harm to plaintiff while this action remains pending. Without ex parte entry of these orders, plaintiff cannot halt the sale or export of DRMO metal scrap which plaintiff paid for. Unless such orders are issued ex parte, defendants simply will simply dispose of DRMO metal scrap which is the only asset of Defendants. Consequently, the ex parte orders requested by plaintiff must be issued without delay.

On or about April 10, 2003, Plaintiff, as buyer, and Defendant Ms. SUN (CHOI) YOUNG WAKUGAWA as a President of Sino Trading Guam, Inc. entered into a contract for the purchase and sale of DRMO metal scrap located in US Naval Base on Guam. Defendant Ms Wakugawa signed the contract without approval or knowledge or consent of other members of Sino Trading Guam, Inc.'s Board of Directors. Up to the date of April 22, 2003, Defendants were paid by Plaintiff Two Hundred Six Thousand Dollars ($206,000.00) for the DRMO steel scrap located in the US Naval base which was to be exported to Plaintiff. On April 22, Defendant Kowon Shipping

1

2 sent Plaintiff the notice of cancellation saying that Defendant decided to cancel loading operations.

3 In the notice of cancellation, the sum of $176,803.06 was charged for the transactions which never

4 occurred. Defendants Wakugawa and Kowon Shipping Corp. defrauded plaintiff by falsely

5 charging $40,000.00 for trucking from DRMO to staging/storage site, which never occurred.

6 There was no movement of metals to staging site because DRMO allowed the cargo to be loaded

7 at its port. They also fraudulently charge $76,950.00 with regard to loading fees at Port Authority

8 of Guam, because the material was authorized to loaded at the naval base which waived fees for

9 loading. Port of Authority of Guam was not involved in loading services and wharf services. Now,

10 defendants has secured a vessel to ship the DRMO metal scrap currently located in the US Naval

11 Base on Guam, and the vessel is scheduled to arrive on Guam on December 16, 2003. If the Court

12 does not intervene, then defendants will be at liberty to liquidate or to remove from Guam the said

13 DRMO metal scrap by transferring its rights and interests through purchases or other transactions

14 and maintain the resulting funds in bank accounts not located on Guam.

15 A preliminary injunction or injunction pendente lite, issues prior to a hearing on the merits.

16 When granted, it is effective until the trial of the cause in which it is issued. Its objective is to

17 protect property or rights involved from further injury until the issues and equities can be

18 determined after a full examination and hearing. It may be granted to protect the rights of one who

19 invokes the preventive aid of equity or rights incident to other relief which is sought. In the Ninth

20 Circuit, a preliminary injunction will be granted under Fed. R. Civ. P. 65 if the moving party can

21 demonstrate (i) a likelihood of success on the merits and the possibility of irreparable injury, or (ii)

22 the existence of serious questions on the merits and the balance of hardships tipping decidedly in

23 the moving party's favor. Ocean Garden, Inc. v. Marketrade Co., Inc., 953 F.2d 500, 506 (9th Cir.

24 1991); Sega Enters. Ltd. v. MAPHIA, 857 F. Supp. 679, 689 (N.D. Cal. 1994).

25 In order to obtain a temporary restraining order, plaintiff's must establish that: (1) it has a

26 strong likelihood of success on the merits, Doran v. Salem Inn, Inc., 422 U.S. 922, 931, 95 S. Ct.

27 2561, 45 L.Ed. 2d 648 (1975); (2) an adequate remedy at law is unavailable, Morales v. Trans

28 World Airlines, 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed. 2d 157 (1992); (3) plaintiff will

C:\MyFiles\FEDERAL\PEOPLEHOLDINGS\memorandum-osc.wpd

2 suffer irreparable harm if the order is not granted, <u>Roland Mach. Co. v. Dresser Indus., Inc.</u>, 749

3 F.2d 380, 386 (7th Cir. 1984); (4) the balance of hardships between plaintiff and defendants weighs

4 in favor of plaintiffs, <u>Honig v. Doe</u>, 484 U.S. 305, 328, 108 S.Ct. 592, 98 L.Ed. 2d 686 (1988); and

5 (5) the public interest is served by the issuance of an injunction. <u>Regents of University of California</u>

6 <u>v. American Broadcasting Companies, Inc.</u>, 747 F.2d 511, 515 (9th Cir. 1984). Plaintiff meet all of

7 these criteria.

8       The declaration of Mr. Hak B. Kim, a director of Plaintiff PEOPLE HOLDINGS CO. LTD.,

9 and the affidavit of Benny B. Bello sets out sufficient facts to justify this Honorable Court granting

10 the requested temporary restraining order as to the DRMO metal scrap currently located in the US

11 Naval Base on Guam to prevent great and irreparable injury to Plaintiff.

12       In light of public policy against defrauding creditors and that Defendants debt owed to

13 Plaintiff is more than Four hundred thousand dollars ($400,000.00), this Honorable Court should

14 issue an injunction prohibiting Defendants from removing from Guam or selling to another the

15 DRMO metal scrap, unless Defendants receive the permission of this Honorable Court to conduct

16 such transfer(s) upon a finding that the terms of such are commercially reasonable.

17

18

19       Dated this 16th day of December, 2003.

20                              **LAW OFFICE OF PARK**

21

22                              **MUN SU PARK, ESQ.**

C:\MyFiles\FEDERAL\PEOPLEHOLDINGS\memorandum-osc.wpd