

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| PEOPLE HOLDINGS CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SUN Y. WAKUGAWA and <br> KOWON SHIPPING CORP., <br><br> Defendants. | CIVIL CASE NO. 03-00034 <br><br><br><br> ORDER |

On September 11, 2003, the plaintiff filed a verified complaint in the above-captioned case. The complaint alleged that the plaintiff had entered into a contract to purchase scrap metal from the defendants. The complaint further asserted that the plaintiff paid the defendants a total of $206,000, but the defendants breached the contract by failing to provide the scrap metal to the plaintiff.

Along with the complaint, the plaintiff filed a Motion for Preliminary Injunction. Said motion sought to enjoin the defendants from selling, transferring or disposing of the scrap metal during the pendency of this action. The motion and the supporting memorandum and declaration merely alleged that without Court intervention, the defendants would be at liberty to liquidate or remove the scrap metal and maintain the resulting funds in bank accounts not located on Guam. See Memorandum of Points and Authorities in Support of Preliminary Injunction at 2. The plaintiff thus asserted that it would suffer "great and irreparable injury" and "great harm" if the defendants were permitted to dispose of the scrap metal. Id.;

Declaration in Support of Motion for Preliminary Injunction at ¶5.

Because the Motion for Preliminary Injunction was not set for oral argument, the Court staff telephoned the plaintiff's counsel, Mun Su Park, to inquire whether he had served the defendants with copies of the motion and whether he wanted to schedule the matter for hearing. Attorney Park stated that he had not yet served the defendants[1] and that he did not want to schedule the motion for oral argument. Accordingly, the Court took no further action on the Motion for Preliminary Injunction.

On December 16, 2003, the plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order ("*Ex Parte* Motion for TRO"), along with a supporting memorandum and affidavit. Additionally, Attorney Park submitted a hand-written note addressed to the undersigned's law clerk requesting that a hearing on the matter be scheduled no later than the next day since counsel would be leaving off-island.[2] See Exhibit 1 (attached). The *Ex Parte* Motion for TRO was essentially identical to the Motion for Preliminary Injunction previously filed with the Court.

The Court will first address the procedural defect of the *Ex Parte* Motion for TRO. Pursuant to Local Rule LR 7.1(j)(1), an *ex parte* application shall include a notice that the attorney so applying made a good faith effort to advise opposing counsel of the date, time and substance of the *ex parte* application, and whether counsel, after having been so advised, opposes the application or requests to be present when the application is presented to the Court. No such notice accompanied the filing of the *Ex Parte* Motion for TRO. This deficiency was

---

[1] The Court's file reveals that the defendants were served with a copy of the complaint and summons on September 16, 2003. The defendants filed an answer and counterclaim On October 24, 22003. However, there is no indication whether the Motion for Preliminary Injunction has ever been served on the defendants since no certificate of service has been filed. This likely explains the lack of an opposition filed by the defendants.

[2] This hand-written note is not the equivalent of a Request for Oral Argument, as set forth in Rule LR 7.1(e)(2) of the Local Rules of Practice for the District Court of Guam (the "Local Rules"). The Court cautions Attorney Park to abide by all applicable local rules. Failure to do so may result in the imposition of appropriate sanctions against him personally or his client.

brought to Attorney's Park's immediate attention.

The Court notes that pursuant to the Local Rules, the Court need not consider motions which do not comply with the rules. See Local Rule LR 7.1(l). Nevertheless, the Court will address the merits of both the Motion for Preliminary Injunction and the *Ex Parte* Motion for TRO.

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Hawaii County Green Party v. Clinton, 980 F. Supp 1160, 1164 (D. Haw. 1997). In determining whether to grant preliminary injunctive relief, the Court must consider two factors: (1) the likelihood of the plaintiff's success on the merits; and (2) the relative balance of potential hardships to the plaintiff, defendant, and the public. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839-40 (9th Cir. 2001). These two factors have been integrated into a test under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that sufficiently serious questions going to the merits are raised and the balance of hardships tips sharply in its favor. American Tunaboat Assoc. v. Brown, 67 F.3d 1404, 1411 (9th Cir. 1995). Under either formulation, the moving party must demonstrate a "significant threat of irreparable injury." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

In the present case, both the Motion for Preliminary Injunction and the *Ex Parte* Motion for TRO do little more than recite a condensed version of the facts set forth in the complaint. Both motions fail to provide any analysis showing the plaintiff's likelihood of success on the merits. Not only has the plaintiff failed to show a likelihood of success on the merits of any of its claims, it has not even raised serious questions on the merits of its claims. Even if it had raised serious questions on the merits, the plaintiff cannot meet the other requirements for preliminary injunctive relief such as irreparable injury or that the balance of hardships tips sharply in its favor.

Additionally, both motions merely allege that the plaintiff will suffer "great harm" if the requested relief is not granted. These bare assertions are insufficient to meet the plaintiff's

burden as the moving party. The plaintiff has failed to demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Furthermore, "[w]hile a plaintiff citing only the risk of future monetary losses is not barred from obtaining an injunction, a plaintiff seeking to prevent purely financial damages is typically ineligible for equitable relief unless the injury is particularly significant." Fedex Ground v. Metheany, 2000 WL 1585267, *10 (N.D. Cal. 2000). See also Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 953 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (quoting Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). In this instance, the Court does not agree that the plaintiff will suffer irreparable harm. The expense of time and money that the plaintiff faces is the kind of harm that is usually reparable by a suit for money damages. The plaintiff has failed to demonstrate, let alone claim, how its alleged injury is particularly significant. Accordingly, the Court DENIES both the Motion for Preliminary Injunction and the *Ex Parte* Motion for TRO.

SO ORDERED this 29th day of December, 2003.

_____
JOHN S. UNPINGCO
District Judge

12/16/03

Dear Ms. Hattori:

I am filing the motion for TRO.

I request the hearing to be scheduled tomorrow any time. I have to leave tomorrow night, as I mention it to you. Your concern for this matter would be greatly appreciated. Thank you

please call my cell 688-1205 today. Thank you

Mun Su Park

RECEIVED
DEC 16 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM